UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

Wade Preston Streeter,

        Defendant.
_____/

Criminal No. 19-cr-20794

Honorable Terrence G. Berg

## **STIPULATED PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, Saima S. Mohsin, Acting United States Attorney for the Eastern District of Michigan, and Michael El-Zein, Assistant United States Attorney, together with defendant Wade Preston Streeter, individually and by and through his attorney, Nancy McGunn, Esq., submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1.    The United States of America obtained a Second Superseding Indictment on January 28, 2020, which charges the defendant with Counts One and Two, Production of Child Pornography in violation of 18 U.S.C. §§ 2251(a), with Count Three, Coercion and Enticement of a Minor in violation of 18 U.S.C. §§ 2, 2422(b), with Count Four, Receipt of Child Pornography in violation of 18 U.S.C.

§ 2252A(a)(2) and with Count Five, Possession of Child Pornography, 18 U.S.C. § 2252A(a)(5)(B). (ECF No. 28).

2. The Second Superseding Indictment contains a Forfeiture Allegation. The Forfeiture Allegation provides that upon conviction of the charged offenses in Counts One, Two, Four and Five, the defendant shall forfeit to the United States, among other things, the following property, pursuant to 18 U.S.C. § 2253:

a. Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offenses; and

c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property

Additionally, upon conviction of the charged offense in Count Three, the defendant shall forfeit to the United States, the following property, pursuant to 18 U.S.C. § 2428:

a. Any property, real or personal, used or intended to be used to commit or to facilitate the commission of any violation of Chapter 117, Title 18, United States Code; and

b. Any property, real or personal, that constitutes or is derived from proceeds traceable to any violation of Chapter 117, Title 18, United States Code.

3. On or about November 10, 2020, the United States filed a Second Forfeiture Bill of Particulars to more specifically identify the property to be forfeited under 18 U.S.C. § 2253(a)(3) and/or 18 U.S.C. § 2428. (ECF No. 41). The Second Forfeiture Bill of Particulars gave notice of the Government's intent to forfeit upon the defendant's conviction, the following property:

*Miscellaneous Electronic Equipment:*

(1) 8 optical discs;

(2) Seagate Backup Plus portable hard drive, Model SRD00F1, Serial Number NA9S91RJ;

(3) Western Digital portable hard drive, Model My Passport, Serial Number WX91A11R5003;

(4) Maxtor portable hard drive, Model OneTouch 4 Mini, Serial Number 2HAP1GX3;

(5) PNY 32GB USB thumb drive;

(6) Apple iPad Pro, Serial Number DLXTW1YTHPQG;

(7) Apple iPhone 6S Plus, Serial Number F2LSG16VGRX7;

(8) Dell laptop, Model Latitude E6530, Serial Number 40KQ7W1;

(9) DT101 G2 16 GB USB thumb drive; and

*Vessels:*

(10) $55,000 U.S. currency in lieu of One Towing Vessel, the Tug *Cheyenne,* USCG #297418, IMO #6515851

(collectively, "Subject Property").

4. On April 13, 2021, the defendant pleaded guilty to Count Two, Production of Child Pornography in violation of 18 U.S.C. § 2251(a) and Count Three, Coercion and Enticement of a Minor in violation of 18 U.S.C. §§ 2 and 2422(b) pursuant to a Rule 11 Plea Agreement. (ECF No. 47).

5. The defendant acknowledges that the Subject Property was used or intended to be used to commit or promote the commission of his offense.

6. In his Rule 11, the defendant agreed to the entry of one or more orders of forfeiture of his interest in the Subject Property. (ECF No. 47, PageID.207-208).

7. The defendant's counsel, Nancy McGunn, affirms that she has discussed this Stipulated Order with the defendant and that the defendant consents to the entry of the Stipulated Preliminary Order of Forfeiture.

8. In entering into the Rule 11 agreement with respect to forfeiture, the defendant expressly waived his right to have a jury determine the forfeitability of his interest in the Subject Property. *Id.* The defendant further waived his right to challenge any failure of the Court to advise him of his rights with respect to forfeiture as set forth in Federal Rule of Criminal Procedure 11(b)(1)(J). (ECF No. 47, PageID.208). The defendant also knowingly, voluntarily, and intelligently waived any challenge to the above-described forfeiture based on the Excessive

Fines Clause of the Eight Amendment to the United States Constitution. (ECF No. 47, PageID.208).

9. The defendant acknowledges that he understands that forfeiture of assets is part of the sentence that may be imposed on him in this case, and waives his right to challenge any failure by the Court to advise him of this, under Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a), or otherwise, at the time his guilty plea was accepted and his sentence was announced by the Court.

10. The defendant agrees to immediate entry of this Stipulated Preliminary Order of Forfeiture and that this Order shall become final as to him at the time of entry.

Based on the Second Superseding Indictment, the Rule 11, the Government's Second Forfeiture Bill of Particulars, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 2253(a)(3), 18 U.S.C. § 2428 and Federal Rule of Criminal Procedure 32.2, the Subject Property **IS HEREBY FORFEITED** to the United States for disposition according to law, and any right, title or interest of the defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture and under 21 U.S.C. § 853(n), Rule 32.2, and other

applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty days of the final date of publication of notice or within thirty days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in

accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that under Federal Rule of Criminal Procedure 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final as to the defendant at entry and forfeiture of the Subject Property shall be made part of defendant's sentence in this case and included in the Judgment.

**THIS COURT FURTHER ORDERS** that if no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a petition for ancillary hearing for any of the Subject Property, the Court shall enter an Amended Order of Forfeiture which addresses the disposition of the third party petition as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

**THIS COURT FURTHER ORDERS** that after this Stipulated Preliminary Order of Forfeiture becomes the Final Order of Forfeiture and/or after the Court enters an Amended Order of Forfeiture that addresses the disposition of any third

party petition(s), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

Respectfully submitted,

SAIMA S. MOHSIN
Acting United States Attorney

| | |
|---|---|
| s/ Michael El-Zein | s/Nancy McGunn (with Consent) |
| MICHAEL EL-ZEIN | NANCY MCGUNN |
| Assistant United States Attorney | Attorney for Defendant |
| 211 W. Fort St., Ste. 2001 | 613 Abbott Street, 5th Floor |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9770 | (313) 967-5846 |
| michael.el-zein@usdoj.gov | Nancy_McGunn@fd.org |
| P79182 | P55156 |
| | |
| Dated: October 5, 2021 | Dated: October 5, 2021 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

/s/Terrence G. Berg
HONORABLE TERRENCE G. BERG
United States District Judge

Dated: October 15, 2021

8